IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

Douglas S. Queen, Plaintiff, v.

                Case No. 2:25-CV-02292-JAR ) (consolidated with 2:25-CV-02298) )

Defendants – Kansas City Kansas Police Department   et Al

MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AMENDED

[...Existing Motion and Memo Redacted for Brevity...]

DECLARATION OF DOUGLAS S. QUEEN IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

I, Douglas S. Queen, declare as follows:

1. I am the Plaintiff in this case and reside at 4348 Mission Rd #2, Kansas City, Kansas 66103. I submit this declaration in support of my Motion for Temporary Restraining Order and Preliminary Injunction.

2. On April 20, 2025, I took photographs of structural damage and unsafe repair activity conducted by undocumented workers at my apartment complex. On May 9, 2025, I showed these photographs to one of the contractors, informing him that the damage could not legally or safely be covered up. The contractor attempted to delete the photos from my phone. This confrontation represents the beginning of retaliatory conduct.

3. On May 12, 2025, I met Natalie Canale, a mental health co-responder affiliated with the Wyandotte County Sheriff's Department, for the first time. I discussed the structural damage, the harassment I was experiencing, my Infinity Engine project, and the mistreatment of residents.

4. On May 13, 2025, I returned home and found that management was physically dismantling a rain fly (weather shield) I had built for my protection. They threatened to "kick my ass" and proceeded to tear it down. I called the police. Instead of protecting me, officers falsely arrested me, leading to the beginning of fabricated allegations involving a firearm and mental health threats.

5. On May 14 or 15, 2025, Natalie Canale returned to my residence with Officer Lopez. She acknowledged that the citation issued against me was incorrect and said she would have it dismissed. She photographed both the citation and the eviction notice taped to my door and went to speak with the apartment management on my behalf. Upon returning, she reported being berated by management as a woman, and informed me the eviction would proceed regardless.

6. On May 16, 2025, Mission Studios filed an eviction case against me (WY-2025-LM-003502), just three days after my false arrest. This act was clearly retaliatory and occurred despite Natalie Canale's knowledge of the underlying falsehoods and mistreatment.

7. On May 20 or 21, 2025, Natalie Canale and Officer Lopez again approached me while I was helping a neighbor with his motorcycle. I had no idea why they were there. They asked if I had been walking around waving a firearm; I answered, absolutely not. They then asked where my firearm was. I answered truthfully. Officer Lopez then entered my residence without a warrant and seized my lawfully owned firearm.

8. Natalie requested that I voluntarily admit myself for a 1–2 day mental health program at Shawnee Mission. I agreed, but only on the explicit condition that I could leave at any time. Natalie assured me that I could.

9. Upon arrival at Shawnee Mission, my voluntary status was abruptly changed to involuntary. I was held for 10 days, forcibly drugged, and later subjected to court-ordered medication without a proper hearing or legal process. My rights were systematically violated under the 1st, 2nd, 4th, and 14th Amendments.

10. I have submitted photos, videos, and motions into the federal record that substantiate these events. The retaliatory eviction, warrantless seizure of property, coercive hospitalization, and ongoing harassment represent a pattern of constitutional abuse.

11. I respectfully request that the Court enjoin the eviction proceedings, take judicial notice of this pattern of retaliation, and protect my constitutional rights.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 19, 2025.

---

Douglas S. Queen

EXHIBIT A TIMELINE OF EVENTS ESTABLISHING RETALIATION AND CONSTITUTIONAL VIOLATIONS

- **April 20, 2025**: Plaintiff photographs structural damage and unsafe repairs conducted by undocumented contractors.
- **May 9, 2025**: Plaintiff confronts a contractor with the photos. Contractor attempts to delete them off Plaintiff's phone. Retaliation begins.
- **May 12, 2025**: First meeting with Natalie Canale. Plaintiff reports structural damage, unsafe work, harassment, and discusses his project and poor management.
- **May 13, 2025**: Plaintiff returns home to find apartment management tearing down his rain fly. Management threatens him. Police are called. Plaintiff is falsely arrested.
- **May 14–15, 2025**: Second visit from Canale and Lopez. Natalie admits citation does not match Plaintiff. She photographs citation and eviction notice, then attempts to intervene with management. Returns stating management berated her and eviction would proceed.
- **May 16, 2025**: Eviction officially filed (WY-2025-LM-003502).

- **May 20–21, 2025**: Third contact by Canale and Lopez. They accuse Plaintiff of waving a firearm (false). Officer Lopez enters Plaintiff's apartment without warrant and seizes firearm. Natalie convinces Plaintiff to enter Shawnee Mission voluntarily. Admission is converted to involuntary. Plaintiff is held 10 days, forcibly medicated without due process.

---

Respectfully submitted,

Douglas S. Queen 4348 Mission Rd #2 Kansas City, Kansas 66103 Pro Se Plaintiff

*/s/ D.S.Q.*

6/20/2025