IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DOUGLAS STUART QUEEN, | |
| **Plaintiff,** | |
| **v.** | Case No. 25-2292-JAR-TJJ |
| KANSAS CITY, KANSAS POLICE DEPARTMENT, et al., | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

Plaintiff Douglas Stuart Queen, proceeding pro se and in forma pauperis, filed this action on May 29, 2025, alleging civil rights claims against the following Defendants: Kansas City, Kansas Police Department; City of Kansas City, Kansas; University of Kansas Medical Center; Kansas City, Kansas Fire/EMS Rescue; and Mission Road Studios, LLC. His claims in this case and in another case before this Court, Case No. 25-2298-JAR-TJJ, arise out of an incident on May 15, 2025.[1] In this case, Plaintiff claims he was falsely arrested based on false statements reported by his landlord to police, that police used excessive force during his arrest, and that he was administered insufficient treatment at the University of Kansas Medical Center for his medical needs. In Case No. 25-2298, Plaintiff claims that the defendants in that case convinced him to voluntarily surrender his firearm and enter a mental health treatment program, and that he was involuntarily administered antipsychotic medication and eventually subjected to a court-ordered drug therapy plan.

---

[1] Plaintiff filed a third case on June 9, 2025, alleging claims against the Kansas City, Kansas Police Department and Mission Studios Property Management, arising out of a separate incident on June 6, 2025. Case No. 25-2308-KHV-ADM.

Before the Court are several motions filed by Plaintiff: (1) Master Motion for Judicial Notice, Consolidation, and Civil Rights Injunctive Relief (Doc. 10); (2) Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 16); (3) Amended Motion for Temporary Restraining Order and for Preliminary Injunction (Doc. 19); and (4) Motion for Temporary Restraining Order (Doc. 23). As described more fully below, Plaintiff's motions are denied.

## I.      Motion to Consolidate

Plaintiff moves to consolidate his "related proceedings to prevent fragmented rulings and allow full consideration of the intertwined facts and claims."[2] Although he does not specify which cases he seeks to consolidate, the Court only considers his request as it relates to Case No. 25-2298-JAR-TJJ since it arises out of the same arrest as the claims in this case.[3]

Federal Rule of Civil Procedure 42(a) provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." This Court has "substantial discretion in deciding whether and to what extent to consolidate cases."[4] "The court generally weighs the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause."[5] In exercising its discretion, the Court should also consider: "(1) whether the relief sought varies substantially between the two actions; (2) whether defendants are being sued in different capacities; and (3) what would be gained by consolidation and what

---

[2] Doc. 10 at 2.

[3] Even if construed as a motion to consolidate this case with Case No. 25-2308, the Court would reach the same outcome.

[4] *Hall v. Hall*, 584 U.S. 59, 77 (2018).

[5] *C.T. v. Liberal Sch. Dist.*, 562 F. Supp. 2d 1324, 1346 (D. Kan. 2008).

injury would be suffered by failure to consolidate."[6]  The party requesting consolidation bears

the burden of showing that the balance weighs in favor of consolidation.[7]

Here, Plaintiff fails to meet his burden of showing that the balance of factors weighs in

favor of consolidation.  As discussed above, although these cases both arise out of an alleged

false arrest on May 15, 2025, they involve different Defendants, facts, and legal issues.  In this

case, Plaintiff alleges claims against his landlord and the Kansas City, Kansas Police Department

for false arrest, excessive force, deliberate indifference to medical needs, disability

discrimination, and state law tort claims.  In Case No. 25-2298, Plaintiff alleges civil rights

claims stemming from his seizure and detention, including mental health treatment and a police

officer's alleged seizure of his firearm.  The Kansas City, Kansas Police Department and

Plaintiff's landlord are named as Defendants in this case, but not in Case No. 25-2298.  Thus, the

Court does not find that consolidation is in the interest of judicial economy, convenience, or

would save costs at this stage of the litigation.  Plaintiff's motion to consolidate is therefore

denied.

## II.    Motions for Injunctive Relief

### A.    Standards

Fed. R. Civ. P. 65(b)(1) governs when a temporary restraining order ("TRO") can be

issued by the Court without notice to the adverse parties:

> (1) Issuing Without Notice. The court may issue a temporary
> restraining order without written or oral notice to the adverse party
> or its attorney only if:

---

[6] *Vickers v. Green Tree Servicing, LLC*, No. 15-1252-JTM-GEB, 2015 WL 7776880, at *2 (D. Kan. Dec. 2, 2015) (quoting *Sprint Commc'ns, LP v. Cox Commc'ns, Inc.*, No. 11-2683-JAR-KMH, 2012 WL 1825222, at *1 (D. Kan. May 18, 2012))

[7] *Id.*

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

A TRO preserves the status quo and prevents immediate and irreparable harm until the court has an opportunity to pass upon the merits of a demand for preliminary injunction.[8] The Court applies the same standard governing issuance of preliminary injunctions.[9] Plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."[10] This standard "requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is *likely* in the absence of an injunction."[11]

Because Plaintiff proceeds pro se, the Court must construe Plaintiff's pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[12] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."[13] For that reason, the Court will not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues,"[14] nor will it "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[15]

---

[8] *Flying Cross Check, L.L.C. v. Cent. Hockey League, Inc.*, 153 F. Supp. 2d 1253, 1258 (D. Kan. 2001).

[9] *See Rangel-Lopez v. Cox*, 344 F. Supp. 3d 1285, 1289 (D. Kan. 2018).

[10] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

[11] *Id.* at 22.

[12] *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[13] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[14] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[15] *Whitney*, 113 F.3d at 1175.

**B.    Discussion**

Plaintiff's first motion asks the Court to: (1) restrain Defendants from further retaliation, citations, seizure, or surveillance; (2) return of all lawfully owned firearms and personal property seized without due process; and (3) protect him from further unlawful detention, forced medical evaluation, or interference with travel, property, or residency.  In Plaintiff's second motion, Plaintiff seeks to enjoin an eviction pending in state court based on his false arrest on May 13, 2025, arguing that it was retaliatory in nature.  In Plaintiff's third motion, he asks the Court to enjoin the eviction proceedings, "take judicial notice of this pattern of retaliation, and protect [his] constitutional rights."[16]  In his most recent motion, Plaintiff asks the Court to enjoin an eviction hearing set for September 3, 2025, because it conflicts with a medical appointment and interferes with his federal civil rights litigation.

Presiding Magistrate Judge Teresa J. James granted Plaintiff leave to proceed in forma pauperis, and ordered him to provide the complete mailing addresses for the named Defendants by July 8, 2025, to enable the Clerk to issue summons for service on his behalf.[17]  Plaintiff provided that notice and summons issued on June 24, 2025, but no summons has been returned executed.  Thus, Defendants have not yet received notice of this lawsuit, or of any of Plaintiff's motions for injunctive relief, and so the Court considers Plaintiff's seriatim motions for injunctive relief under the standard that applies when no notice is provided to the adverse parties. Plaintiff fails to make the necessary showing required under Fed. R. Civ. P. 65(b) for issuing a TRO without notice to the opposing party.  He has not set forth specific facts in an affidavit or a verified complaint that clearly show immediate and irreparable injury, loss, or damage will result

---

[16] Doc. 19 at 2.

[17] Doc. 13.

before Defendants can be heard in opposition.  Nor has he certified in writing any efforts made to give notice and the reasons why it should not be required.

In addition, Plaintiff fails to demonstrate a likelihood of success on the merits of any of his claims in this matter.  The Tenth Circuit has explained the standard as follows:

> "The very purpose of an injunction under Rule 65(a) is to give temporary relief based on a preliminary estimate of the strength of the plaintiff's suit, prior to the resolution at trial of the factual disputes and difficulties presented by the case."  Although "[t]he courts use a bewildering variety of formulations of the need for showing some likelihood of success, . . . [a]ll courts agree that plaintiff must present a prima facie case but need not show a certainty of winning."[18]

Plaintiff's motion fails to present a prima facie case of any of the claims asserted in this case.  His conclusory assertions that Defendants violated his constitutional rights under the First, Second, Fourth, and Fourteenth Amendments are insufficient.[19]  For all of these reasons, Plaintiff's motions for temporary restraining order and preliminary injunction, without notice to the adverse parties, is denied.

## III.    Request for Judicial Notice

Finally, Plaintiff asks this Court to take judicial notice of documents he has filed in other cases and his "Pending Civil Rights Complaint under 42 U.S.C. § 1983."[20]  Under Fed. R. Evid. 201(b), the Court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be

---

[18] *Planned Parenthood Ass'n of Utah v. Herbert*, 828 F.3d 1245, 1252 (10th Cir. 2016) (quoting 11A Wright and Miller's Federal Practice and Procedure § 2948.3 (3d ed. 2013)).

[19] *See* Doc. 16 at 1; *Cathey v. Jones*, 505 F. App'x 730, 733 (10th Cir. 2012) ("Plaintiff not only failed to specifically address the four factors, but also failed to provide any discussion from which the district court could adequately evaluate whether they had been met.  Accordingly, the district court did not abuse its discretion in denying Plaintiff's motion.").

[20] Doc. 10 at 1–2.

accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The Court must take judicial notice if a party requests it and supplies the Court with the necessary information.[21]

The Court denies Plaintiff's request for judicial notice at this stage because he has not provided the necessary information—he does not provide the Court with copies of the documents he seeks to have judicially noticed, nor does he specify which facts within those documents he seeks to have judicially noticed. Even the reference to his pending civil rights complaint is insufficient given that he has filed multiple lawsuits in this district asserting civil rights claims. The Court also denies the motion for judicial notice because although Rule 201 allows the Court to take judicial notice of documents in the public record, such facts cannot be "subject to reasonable dispute,"[22] and at the motion-to-dismiss stage they "may only be considered to show their contents, not to prove the truth of matters asserted therein."[23] Accordingly, the Court denies Plaintiff's motion to take judicial notice without prejudice to refiling.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Master Motion for Judicial Notice, Consolidation, and Civil Rights Injunctive Relief (Doc. 10) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 16); Amended Motion for Temporary Restraining Order and for Preliminary Injunction (Doc. 19); and Motion for Temporary Restraining Order (Doc. 23) are **denied**.

**IT IS SO ORDERED.**

---

[21] Fed. R. Evid. 201(c)(2).

[22] Fed. R. Evid. 201(b).

[23] *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)).

Dated: July 11, 2025

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE