UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DOUGLAS STUART QUEEN,

    Plaintiff,

v.

KANSAS CITY, KANSAS POLICE
DEPARTMENT, et al,

    Defendants.

Case No. 25-cv-2292-JAR-TJJ

## STATUS CONFERENCE ORDER

On August 25, 2025, U.S. Magistrate Judge, Teresa J. James conducted a telephone status conference. Plaintiff Douglas Queen appeared *pro se*. Defendant Mission Road Studios, LLC ("Mission") appeared through counsel, Timothy J. Wolf. Defendant University of Kansas Hospital Authority ("UKHA") appeared through counsel, Kemper Anne Bogle and Trevin E. Wray. There were no other appearances. This Order memorializes and supplements the Court's rulings from the status conference.

    **1.**    The Court raised the issue of whether all Defendants named in Plaintiff's complaint have been properly served using the addresses Plaintiff provided for service (ECF No. 20). Plaintiff's *in forma pauperis* status means that he is entitled to rely on the Clerk and the United States Marshal's Service to effect proper service of process on his behalf, but "the Marshals Service is not responsible for lack of service where a plaintiff does not provide correct information required for service."[1] It is Plaintiff's responsibility to provide a correct name and address for

---

[1] *Pemberton v. Patton*, 673 F. App'x 860, 864 (10th Cir. 2016) (unpublished) (citing *Johnson v. U.S. Postal Serv.*, 861 F.2d 1475, 1479–80 (10th Cir. 1988) (concluding the Marshal's Service was not culpable for failure to effect service in an IFP case where the plaintiff named the wrong defendant).

service on all Defendants.[2] Three addresses Plaintiff provided for the Kansas City, Kansas municipal entities he named as Defendants appear incorrect, e.g., Plaintiff lists a *Missouri* address for the City of Kansas City, *Kansas*.[3] Plaintiff shall file a notice with corrected addresses for service upon these Defendants by **August 29, 2025**. After Plaintiff provides this information, the Clerk shall issue new summons for service upon these Defendants.

2.      **Plaintiff's Motion to Incorporate Additional State Citations into Federal Abuse Claim (ECF No. 34) and Requests for Judicial Notice (ECF Nos. 71 and 72)** are **denied without prejudice**. District Judge Robinson previously denied without prejudice Plaintiff's prior request for the Court to take judicial notice of documents he filed in other cases and his pending complaint.[4] Plaintiff's request was denied because he had not provided the necessary information—by providing the Court with copies of the documents he sought to have judicially noticed, or by specifying which facts within those documents he sought to have judicially noticed. The Court also denied the motion for judicial notice because although Fed. R. Evid. 201 allows the Court to take judicial notice of documents in the public record, the facts within the documents cannot be "subject to reasonable dispute," and at the motion-to-dismiss stage the documents "may

---

[2] *See Winkel v. Hammond,* No. 13-3103-SAC-DJW, 2016 WL 9631672, at *3 (D. Kan. Feb. 23, 2016) (plaintiff proceeding pro se and *in forma pauperis* is responsible for providing sufficient information for service of process); *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir.1993) (plaintiff proceeding *in forma pauperis* and pro se had responsibility to provide correct names and proper addresses for service of process); *Gonzalez v. L'Oreal USA, Inc.*, 489 F.Supp.2d 181, 184 (N.D.N.Y.2007) ("Although plaintiffs proceeding *in forma pauperis* are entitled to rely upon the United States Marshal to effect service, that reliance is not absolute; plaintiffs always retain the obligation to provide the process servers with the necessary information and to generally make diligent efforts.").

[3] ECF No. 20 at 1.

[4] *See* Mem. & Order (ECF No. 26) at 6-7. *Queen v. Kan. City, Kan. Police Dep't*, No. 25-2292-JAR-TJJ, 2025 WL 1927716, at *3 (D. Kan. July 14, 2025).

only be considered to show their contents, not to prove the truth of matters asserted therein."[5] Like his earlier motion, Plaintiff requests in this case that the Court "take judicial notice and incorporate" state-issued citations and related complaints against him as "part of the broader pattern of harassment, abuse, and retaliation of law, in support of Plaintiff's ongoing claims under 42 U.S.C. § 1983."[6] Plaintiff provides incomplete citations or complaint numbers without further indication of the court where they are filed or other identifying information. In Plaintiff's Request (ECF No. 72), he requests the Court take judicial notice of actions he has taken with regard to the requesting records from the Kansas City, Kansas Police Department and Wyandotte County Sheriff's Department by attaching certified mail receipts and post office receipts. Again, Plaintiff has failed to show these are documents that are proper for judicial notice. For all his requests, Plaintiff fails to satisfy the legal standard set forth in Fed. R. Evid. 201(b) for the Court to take judicial notice of a "fact that is not subject to reasonable dispute."[7]

**3.     Defendant Mission's Motion to Strike Plaintiff's "Supplement to Complaint" (ECF No. 43) is <u>granted</u>.** Under Fed. R. Civ. P. 12(f), the Court may strike "any redundant, immaterial, impertinent, or scandalous matter." Under Rule 12(f), a court may order stricken from any pleading "an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." While motions to strike are generally disfavored, the decision to grant a motion to strike

---

[5] ECF No. 26.

[6] Mot. (ECF No. 34) at 1.

[7] *See* Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.")

3

is within the discretion of the court.⁸ A matter is "immaterial" if it has "no essential or important relationship to the claim for relief" or if it amounts to "a statement of unnecessary particulars in connection with that which is material."⁹ The Court conducts a relevance inquiry to determine whether the allegations are immaterial.¹⁰ The Court finds Plaintiff' Supplement (ECF No. 7) to his complaint is comprised of the following irrelevant materials: A self-authored "report" by Plaintiff outlining perceived issues with the structural integrity of an apartment building owned by Defendant Mission; Notices from Plaintiff to the Court regarding the perceived structural issues; Plaintiff's resume; and photographs of the apartment building.

In this case, Plaintiff claims he was falsely arrested based on false statements reported by his landlord to police, and that he was administered insufficient treatment at the University of Kansas Medical Center for his medical needs. The documents filed as part of Plaintiff's Supplement pertain to the condition of an apartment building and are therefore immaterial and lack any relationship to Plaintiff's claims and allegations in this case. The "report" on the condition of the apartment building also appears to have been prepared by Plaintiff in a manner and form suggesting it was prepared by a non-party or expert witness. Allowing such a Plaintiff-created document in the docket would be prejudicial to Defendants and would unnecessarily create confusion regarding the specific claims and issues being litigated in this case. Defendant Mission's

---

⁸ *Al-Jamily v. United States*, No. 16-1237-EFM-KGG, 2016 WL 6093703, at *2 (D. Kan. Oct. 19, 2016).

⁹ *John Michael Assocs., Inc. v. BlueStem Mgmt. Advisors LLC*, No. 22-2055-HLT-RES, 2022 WL 1184447, at *3 (D. Kan. Apr. 21, 2022) (quoting *Dean v. Gillette*, No. 04-2100-JWL-DJW, 2004 WL 3202867, at *1 (D. Kan. June 8, 2004)).

¹⁰ *Id*.

motion to strike is therefore granted. **The Clerk is directed to strike from the record Plaintiff's "Supplement to Complaint" (ECF No. 7).**

4.      **Plaintiff's Motion to Strike Defendants' Affirmative Defenses (ECF No. 56)** is **<u>denied</u>** as lacking any basis or support. The motion fails to specify which of Defendants' affirmative defenses it seeks to strike or the legal basis for striking any of them. Plaintiff's arguments that "[s]everal of the affirmative defenses asserted are conclusory, vague, and unsupported by facts" are themselves conclusory and also do not meet the legal standard for striking an affirmative defense.[11]

5.      **Plaintiff's Motion to Stay State Proceedings (ECF No. 60)** is **<u>denied</u>**. Plaintiff requests this Court to stay his state court eviction proceedings currently pending in Wyandotte County, Kansas, Case No. WY-2025-LM-003502 ("Eviction Proceedings"). The Court construes this as Plaintiff's request for this Court to enjoin the state court Eviction Proceedings, pending the resolution of this case. Plaintiff argues "[c]ontinuing both matters simultaneously risks inconsistent judgments on identical factual and legal questions." A review of the publicly accessible docket of Plaintiff's referenced Wyandotte County, Kansas case reveals that Defendant Mission filed the Eviction Proceedings against Plaintiff on May 16, 2025, and the case remains ongoing with a bench trial set for September 3, 2025.[12]

In this case, District Judge Robinson has already denied Plaintiff's prior requests to enjoin the state court Eviction Proceedings, finding he failed to make the necessary showing under Fed.

---

[11] *Su v. El Toro Loco Legends LLC*, No. 23-2115-JAR-RES, 2024 WL 382555, at *3 (D. Kan. Feb. 1, 2024) ("A defense is insufficient if no circumstances exist under which it can succeed as a matter of law.").

[12] *Mission 200, LLC v. Douglas Queen*, Wyandotte County, Kan. Case No. WY-2025-LM–003502.

R. Civ. P. 65(b) for issuing a temporary restraining order without notice to the opposing party.[13] The Court further concluded Plaintiff's motion failed to present a prima facie case of any of the claims asserted in this case and found his conclusory assertions that Defendants violated his constitutional rights under the First, Second, Fourth, and Fourteenth Amendments were insufficient. Those earlier findings and conclusions are pertinent to Plaintiff's current motion to stay the state proceedings as well.

Plaintiff's claims in this case are based on factual allegations pertaining to his alleged false arrest by law enforcement on May 15, 2025. The only claims asserted against Plaintiff's landlord, Defendant Mission, are for "false arrest and defamation" and "ADA Violation and Disability Discrimination." Plaintiff's sole allegation against Defendant Mission is that "[t]he arrest was instigated by false statements made to law enforcement by property managers at Mission Road Studios, LLC, who falsely claimed that Plaintiff stole lumber from the apartment dumpster."[14] The Complaint contains no factual allegations mentioning the subsequent Eviction Proceedings initiated by Defendant Mission. The Court finds the Eviction Proceedings are therefore not related to any allegation or claim currently alleged in this case. Moreover, even were Plaintiff granted leave to amend his complaint to add such allegations and/or claims, the Court would likely be precluded, on *Younger* abstention grounds, from interfering with those ongoing state-court Eviction Proceedings.[15]

---

[13] *See* Mem. & Order (ECF No. 26) at 5–6.

[14] Compl. (ECF No. 1) at 2.

[15] *See Bonjorno v. Asher*, No. 24-cv-04111-HLT-BGS, 2025 WL 2374148, at *5 (D. Kan. Aug. 14, 2025) ("The *Younger* abstention doctrine precludes federal court from interfering with state-court proceedings absent extraordinary circumstances.").

**6.     Plaintiff's Motions for Leave to File Amended Complaint (ECF Nos. 63 and 73) are <u>denied</u>**.   Plaintiff has filed motions for leave to file amended complaint and attached his proposed amended complaint[16] in four different cases pending in this District: *Queen v. Kan. City Police Dep't, et al.*, 25-2292-JAR-TJJ; *Queen v. Canale, et al.*, 25-2298-JAR-TJJ; *Queen v. Kan. City Police Dep't, et al.* 25-2308-KHV-TJJ; and *Queen v. City of Kan. City, Kan., et al.*, 25-2459-EFM-TJJ. Because Plaintiff's motions propose the same Amended Complaint be filed in each case, Plaintiff appears to be attempting to consolidate the above-listed cases into one action by bringing the same claims against the same parties. The Court will thus construe Plaintiff's motions for leave to amend complaint as motions to consolidate and deny the motions.

Federal Rule of Procedure 42(a) provides: "If actions before the court involve common questions of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." The Court has "substantial discretion in deciding whether and to what extent to consolidate cases."[17] "The court generally weighs the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause."[18] In exercising its discretion, the Court should also consider: "(1) whether the relief sought varies substantially between the two actions; (2) whether defendants are being sued in different

---

[16] Although Plaintiff's later-filed motion for leave to amend complaint (ECF No. 73) seeks to file the same proposed one-page Amended Complaint in each of his four cases, it does not identify all the defendants or contain any factual allegations, but merely "incorporates [Plaintiff's] prior allegations" from the complaints filed in each of his cases.

[17] *Hall v. Hall*, 584 U.S. 59, 77 (2018).

[18] *C.T. v. Liberal Sch. Dist.*, 562 F. Supp. 2d 1324, 1346 (D. Kan. 2008).

capacities; and (3) what would be gained by consolidation and what injury would be suffered by failure to consolidate."[19]

The District Judge in this matter has already found that consolidating cases *Queen v. Kansas City Police Department, et al.*, 25-2292-JAR-TJJ and *Queen v. Canale, et al.*, 25-2298-JAR-TJJ is inappropriate.[20] The Court found that although both "cases arise out of an alleged false arrest on May 15, 2025, they involve different Defendants, facts, and legal issues."[21] In Plaintiff's newest case, *Queen v. City of Kansas City, Kansas, et al.*, 25-2459-EFM-TJJ, he also brings claims regarding his false arrest against the various parties named in *Queen v. Kansas City Police Department, et al.*, 25-2292-JAR-TJJ and *Queen v. Canale, et al.*, 25-2298-JAR-TJJ. However, Plaintiff's claims are predicated on different factual backgrounds. Therefore, the Court does not find that consolidation—by allowing Plaintiff to file the exact same amended complaint in each of the above-listed cases—is in the interest of judicial economy, convenience, or would save costs at this stage of the litigation. Instead, Plaintiff's recurring, duplicative filings in all four cases is confusing, counterproductive, and burdensome. Plaintiff's Motions for Leave to File Amended Complaint are therefore denied.

**7.     Plaintiff's Motion to Appoint Counsel (ECF No. 74) is denied without prejudice.** Unlike a criminal defendant, a plaintiff in a *civil* case has no constitutional or statutory

---

[19] *Vickers v. Green Tree Servicing, LLC*, No. 15-1252-JTM-GEB, 2015 WL 7776880, at *2 (D. Kan. Dec. 2, 2015) (quoting *Sprint Commc'ns, LP v. Cox Commc'ns, Inc.*, No. 11-2683-JAR-KMH, 2021 WL 1825222, at *1 (D. Kan. May 18, 2012)).

[20] ECF No. 26. *See also Queen v. Canale, et al.*, No. 25-2298-JAR-TJJ, 2025 WL 1918568, at *2 (D. Kan. July 11, 2025).

[21] *Id.*

right to appointed counsel.[22] For a party proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(1) provides discretionary authority to "request an attorney to represent any person unable to afford counsel." The provision, however, does not provide a statutory right to counsel.[23] In determining whether to appoint counsel under 28 U.S.C. § 1915(e), the Tenth Circuit has directed district courts to evaluate the following factors: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[24] Further, the party requesting the appointment of counsel must make diligent efforts to secure an attorney on his or her own.[25] This District's form motion for appointment of counsel in a civil case requires the movant to list at least five attorneys contacted before filing the motion.

The appointment of counsel for a plaintiff in a civil case is rare because Congress has not provided any mechanism or funding to compensate counsel appointed in civil cases.[26] Therefore, the Court would have to find an attorney willing to be appointed and provide his or her legal services pro bono (without payment). The Court therefore must make thoughtful and prudent use

---

[22] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).

[23] *See, e.g., Leon v. Garmin Int'l.,* No. 10-2495-JTM, 2010 WL 4174643, at *1 (D. Kan. Oct. 20, 2010).

[24] *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

[25] *Cline v. Seal*, No. 22-CV-4009-TC-TJJ, 2022 WL 873419, at *2 (D. Kan. Mar. 24, 2022).

[26] *See Castner*, 979 F2d at 1420 ("Congress has not provided any mechanism for compensating [] appointed counsel. Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time.").

of its appointment power.

The Court has considered Plaintiff's motion for appointment of counsel under the above factors and concludes the factors do not warrant the appointment of counsel at this time. Plaintiff has failed to show diligence in attempting to find counsel by contacting with five attorneys or law firms (or organizations that provide legal services pro bono or for reduced fees) before filing his motion. Finally, a review of Plaintiff's filings to date shows that he appears capable of adequately representing himself without counsel at this early stage of the proceedings.

**8.** As evident from the above rulings, Plaintiff has filed a plethora of meritless motions and requests that are both improper and premature. Plaintiff's rapid-fire filings over a relatively short period of time have been excessive. The Court strongly encourages Plaintiff to carefully consider whether the filing of future motions such as his motions for judicial notice, to amend, or to consolidate are necessary or proper, particularly at this early stage of the proceedings. The Court also stressed to Plaintiff during the conference his responsibilities pursuant to Fed. R. Civ. P. 11, encouraged Plaintiff to review Rule 11, and cautioned Plaintiff that the filing of frivolous or improper pleadings in violation of Rule 11 could result in sanctions. **Due to the excessive number of frivolous motions and unnecessary filings Plaintiff has filed in this case to date, the Court orders that Plaintiff shall not file additional motions, supplements, and other documents until he provides corrected addresses for service upon the Kansas City, Kansas municipal entities named as Defendants and they are served.**

IT IS SO ORDERED.

Dated August 26, 2025, at Kansas City, Kansas.

_Teresa J. James_
Teresa J. James
U. S. Magistrate Judge