UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DOUGLAS STUART QUEEN,

       Plaintiff,

v.

                              Case No. 25-cv-2292-JAR-TJJ

KANSAS CITY, KANSAS POLICE
DEPARTMENT, et al,

       Defendants.

## <u>ORDER</u>

This matter comes before the Court on Plaintiff's Renewed Motion for Appointment of Counsel (ECF No. 94) and Plaintiff's Motion for Reasonable Accommodation under the Americans with Disabilities Act (ECF No. 81) to the extent Plaintiff requests the appointment of counsel as an accommodation.  For the reasons set forth below, Plaintiff's Motions are DENIED.

The Court again reminds Plaintiff that in his civil case, he has no constitutional or statutory right to appointed counsel.[1]  The appointment of counsel for a plaintiff in a civil case is exceedingly rare because Congress has not provided any mechanism or funding to compensate counsel appointed in civil cases.[2] Therefore, the Court would have to find an attorney willing to be appointed and provide his or her legal services pro bono (without payment). The Court therefore must make thoughtful and prudent use of its appointment power. Under 28 U.S.C. § 1915(e), the

---

[1] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).

[2] *See Castner*, 979 F2d at 1420 ("Congress has not provided any mechanism for compensating [] appointed counsel. Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time.").

Tenth Circuit has directed district courts to evaluate the following factors: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[3] Further, the party requesting the appointment of counsel must make diligent efforts to secure an attorney on his or her own.[4] This District's form motion for appointment of counsel in a civil case requires the movant to list at least five attorneys contacted before filing the motion.

The Court has considered Plaintiff's motion for appointment of counsel under the above factors and concludes the factors do not warrant the appointment of counsel at this time. Once again Plaintiff has failed to show diligence in attempting to find counsel by contacting five attorneys or law firms (or organizations that provide legal services pro bono or for reduced fees) before filing his motion.

Regardless of Plaintiff's refusal to contact five attorneys, the Court does not find that the above-listed factors weigh in favor of appointment of counsel.  First, there is not a sufficient basis at this early stage to assess the merits of Plaintiff's claims.[5]  Further, despite Plaintiff's statement to the contrary, this matter does not present unusually complex factual or legal questions. Finally, there is no indication, at least in this early stage of the litigation, that Plaintiff cannot adequately

---

[3] *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

[4] *Cline v. Seal*, No. 22-CV-4009-TC-TJJ, 2022 WL 873419, at *2 (D. Kan. Mar. 24, 2022).

[5] *Id.* ("[W]here the complaint and attachments thereto provide the only basis upon which the Court can assess the merits of Plaintiff's claims, insufficient information exists to warrant the appointment of counsel at this time.").

represent himself. Plaintiff claims he is disabled and untrained in the law. However, Plaintiff's filing practices in this, and his three other matters pending in this District, show Plaintiff is wholly capable of creating and filing documents. So much so that the District Judge has entered an Order describing Plaintiff's "almost daily practice of filing a plethora of motions and/or 'notices,' many of which relate to motions pending before the Court" and success in "unnecessarily clogging the Court's docket."[6] The District Judge further warned Plaintiff that should his filing practices continue, he may face restrictions in his ability to file documents in his cases.

Plaintiff states in his renewed motion that these "warnings themselves demonstrate the difficulty a pro se litigant faces in navigating federal practice without representation" and "[w]ithout counsel, Plaintiff is at risk of sanctions simply for attempting to defend himself."[7] However, the Court wishes to make clear: Plaintiff is not at risk of sanctions "simply for attempting to defend himself." Plaintiff initiated this case and is at risk of sanctions for his "unnecessary, redundant, or vexatious" filings, including the repeated filing of the same motion(s) over and over again, which have been previously denied and/or which relate to pending motions.[8] **The Court encourages Plaintiff to heed the District Judge's warnings concerning his current excessive filing practice, and again "gives notice to Plaintiff that if he persists in filings that are related to or redundant of motions currently pending before the Court, the Court may take steps to**

---

[6] Sept. 4, 2025 Order (ECF No. 93) at 1.

[7] ECF No. 94 at 1.

[8] *See* Fed. R. Civ. P. 11(b) (pleadings are not to be "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation").

impose filing restrictions on Plaintiff that preclude him from future filings absent leave of Court."[9]

Between August 22 and September 4, 2025, Plaintiff has filed five motions requesting the appointment of counsel.[10] The Court directs Plaintiff to stop filing essentially the same motion repeatedly and advises him that future motions may summarily be denied without further discussion.

Though the Court has denied Plaintiff's request for the appointment of counsel contained in his Motion for Reasonable Accommodation under the Americans with Disabilities Act (ECF No. 81), the remaining requests for accommodation have been referred and forwarded to the District of Kansas's Disability Access Coordinator, as requested in Plaintiff's motion. Plaintiff is directed to the District of Kansas' website to review the Court's policy regarding disability access and services.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Renewed Motion for Appointment of Counsel (ECF No. 94) is DENIED.

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion for Reasonable Accommodation under the Americans with Disabilities Act (ECF No. 81) is DENIED IN PART to the extent it seeks appointment of counsel, and GRANTED IN PART to the extent it seeks the remaining requests for accommodation be referred to the Court's Disability Access Coordinator.

---

[9] ECF No. 93 at 3.

[10] *See* ECF Nos. 74, 79, 80, 81, and 94. His first motion for appointment of counsel was denied without prejudice at the August 25, 2025 status conference. *See* ECF No. 77. His second and third motions were denied on August 29, 2025 by text-only Order. *See* ECF No. 84.

**IT IS SO ORDERED.**

Dated September 8, 2025, at Kansas City, Kansas.

Teresa J. James
U.S. Magistrate Judge