UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DOUGLAS STUART QUEEN,

    Plaintiff,

v.

KANSAS CITY, KANSAS, et al,

    Defendants.

Case No. 25-cv-2292-JAR-TJJ

## ORDER

This matter comes before the Court on Plaintiff's Motion for Reconsideration (ECF No. 78), Plaintiff's Motion to Consolidate Cases (ECF No. 86), and Plaintiff's Motion to Stay Deadlines (ECF No. 89). For the reasons set forth below, Plaintiff's motions are denied.

    1.    **Plaintiff's Motion to Reconsider Denial of Leave to Amend, to Correct the Record, and Address Court Confusion (ECF No. 78)**

Although the Federal Rules of Civil Procedure do not address a motion for reconsideration, a motion for reconsideration may be brought under D. Kan. Rule 7.3(b), which sets forth three bases on which a party may seek reconsideration of a non-dispositive order. "A motion to reconsider must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice."[1] Reconsideration is

> only appropriate where the Court has obviously misapprehended a party's position, the facts or applicable law, or where the party produces new evidence that it could not have obtained earlier through the exercise of due diligence. A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed. A party's

---

[1] D. Kan. Rule 7.3(b).

failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider.[2]

In his motion, Plaintiff does not cite or argue any of the enumerated grounds set forth in D. Kan. Rule 7.3(b) for granting reconsideration of a non-dispositive order. Plaintiff requests the Court reconsider its Status Conference Order (ECF No. 77), which denied several of his pending motions, including denying his request to amend the Complaint and to appoint counsel. Plaintiff's main basis for reconsideration stems from the Court's alleged mischaracterization of his Wyandotte County, Kansas case (Case No. WY-2025-LM-003502) as a criminal matter, rather than a landlord/tenant eviction proceeding. The Court is and was aware at the time it entered the Status Conference order that Plaintiff's Wyandotte County case is an eviction proceeding, and not a criminal matter. In fact, despite any potentially erroneous statements made during the Status Conference, the Court's Status Conference Order noted that Plaintiff's Wyandotte County case was an eviction proceeding, and the Court's rulings were properly based on that fact among others.[3] Further, Plaintiff makes no new argument based in law or fact to apply a different legal standard to any of the legal questions decided in the Status Conference order. The Court therefore finds Plaintiff is not entitled to reconsideration as requested here.

2.    **Plaintiff's Motion to Stay Deadlines (ECF No. 89) and Plaintiff's Motion to Consolidate Consideration of Rule 72(a) Objections and Motions to Stay (ECF No. 86).**

---

[2] *Tomelleri v. MEDL Mobile, Inc.*, No. 14-2113-JAR, 2015 WL 5098248, at *1 (D. Kan. Aug. 31, 2015).

[3] "Plaintiff requests this Court to stay his state court eviction proceedings currently pending in Wyandotte County, Kansas, Case No. WY-2025-LM-003502 ('Eviction Proceedings')." Status Conference Order, ECF No. 77, p. 5.

On September 2, 2025, Plaintiff filed an Objection (ECF No. 91) to the undersigned's order denying his motion for appointment of counsel. On the same day, Plaintiff filed a Motion to Stay Deadlines Pending Resolution of Rule 72(a) Objections (ECF No. 89). Plaintiff's Motion requests the Court stay all deadlines in this matter pending the District Judge's disposition of his objection. The Court has not set any deadlines pursuant to Federal Rule of Civil Procedure 26(a). Further, Plaintiff has already responded to any pending motions filed by the Defendants. Therefore, there are no active deadlines for the Court to stay pending the resolution of Plaintiff's objection, and Plaintiff's Motion to Stay Deadlines (ECF No. 89) is DENIED.

Plaintiff has also filed a Motion to Consolidate Consideration of Rule 72(a) Objections and Motion to Stay (ECF No. 86). This Court has repeatedly found that consolidating Plaintiff's pending cases in this District is inappropriate.[4] Further, Plaintiff filed the same Objection and Motion for Consolidation in several of his cases, including 25-cv-2292-JAR-TJJ, 25-cv-2298-JAR-TJJ, and 25-cv-2459-EFM-TJJ. The Objection has already been resolved in at least one of his pending cases.[5] Therefore, the Court does not find it appropriate to consolidate Plaintiff's cases, even for the limited purpose of resolving the Objection, and Plaintiff's Motion to Consolidate Cases (ECF No. 86) is DENIED.

**IT IS THEREFORE ORDERED** Plaintiff's Motion to Reconsider Denial of Leave to Amend, to Correct the Record, and Address Court Confusion (ECF No. 78), Plaintiff's Motion to Consolidate Consideration of Rule 72(a) Objections and Motions to Stay (ECF No. 86), and Plaintiff's Motion to Stay Deadlines (ECF No. 89) are DENIED.

---

[4] *See* ECF Nos. 26 and 77.

[5] *See Queen v. City of Kansas City, Kansas, et al.*, 25-2459-EFM-TJJ, ECF No. 36.

**IT IS SO ORDERED.**

Dated September 30, 2025, at Kansas City, Kansas.

_____
Teresa J. James
U. S. Magistrate Judge