IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DOUGLAS STUART QUEEN,

    **Plaintiff,**

    v.

KANSAS CITY, KANSAS POLICE
DEPARTMENT, CITY OF KANSAS CITY,
KANSAS, UNIVERSITY OF KANSAS
MEDICAL CENTER, KANSAS CITY,
KANSAS FIRE/EMS RESCUE, MISSION
ROAD STUDIOS, LLC,

    **Defendants.**

Case No. 25-2292-JAR-TJJ

## MEMORANDUM AND ORDER

Plaintiff Douglas Stuart Queen, proceeding pro se and in forma pauperis, filed this action on May 29, 2025, alleging violations of his civil rights, violations of the Americans with Disabilities Act ("ADA"), and state law tort claims against the following Defendants: Kansas City, Kansas Police Department; City of Kansas City, Kansas; University of Kansas Medical Center; Kansas City, Kansas Fire/EMS Rescue; and Mission Road Studios, LLC. Before the Court are Plaintiff's Motions for Declaratory Relief and Injunctive Relief and to Assert Constitutional Violations (Docs. 24, 35). As described below, the Court denies both motions.

Plaintiff provides no authority for the relief he seeks. To the extent these motions reiterate the relief he seeks in his Complaint, they are moot. Out of an abundance of caution, however, the Court liberally construes Plaintiff'' motions as seeking summary judgment.[1]

---

[1] The Court has already denied Plaintiff's request for injunctive relief. To the extent Plaintiff reasserts a motion for injunctive relief here, the Court denies that motion for the same reasons explained in that order. *See* Doc. 26.

Summary judgment is appropriate if the moving party demonstrates "that there is no genuine dispute as to any material fact" and that it is "entitled to judgment as a matter of law."[2] In applying this standard, the Court views the evidence and all reasonable inferences therefrom in the light most favorable to the non-moving party.[3] "There is no genuine [dispute] of material fact unless the evidence, construed in the light most favorable to the non-moving party, is such that a reasonable jury could return a verdict for the non-moving party."[4] A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim."[5] A dispute of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[6] To prevail on a motion for summary judgment on a claim upon which the moving party also bears the burden of proof at trial, the moving party must demonstrate that "no reasonable trier of fact could find other than for the moving party."[7]

In deciding these motions, the Court is mindful that Plaintiff proceeds pro se; therefore, the Court must construe his pleadings liberally.[8] However, pro se plaintiffs may not rely on conclusory allegations to overcome their summary judgment burden.[9] The Court cannot assume the role of advocate,[10] nor can the Court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[11]

---

[2] Fed. R. Civ. P. 56(a).

[3] *City of Herriman v. Bell*, 590 F.3d 1176, 1181 (10th Cir. 2010).

[4] *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

[5] *Wright ex rel. Tr. Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001).

[6] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[7] *Leone v. Owsley*, 810 F.3d 1149, 1153 (10th Cir. 2015).

[8] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[9] *Hastings v. Campbell*, 47 F. App'x 559, 560 (10th Cir. 2002).

[10] *Hall*, 935 F.2d at 1110.

[11] *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

The Court has liberally construed Plaintiff's submissions and finds that summary judgment is not warranted. First, there is no record upon which this Court can find facts that are uncontroverted, and Plaintiff has failed to comply with this Court's local rule governing motions for summary judgment.[12] In fact, three of the Defendants have not yet appeared. Second, Plaintiff does not meet his high burden of demonstrating, as the moving party who also bears the burden of proof on his claims, that no reasonable trier of fact could find other than for him. In sum, Plaintiff's motions are premature and fail to meet the applicable standard. They must therefore be denied without prejudice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motions for Declaratory Relief and Injunctive Relief and to Assert Constitutional Violations (Docs. 24, 35) are **denied**.

**IT IS SO ORDERED.**

Dated: October 7, 2025

                                                    S/ Julie A. Robinson
                                                    JULIE A. ROBINSON
                                                    UNITED STATES DISTRICT JUDGE

---

[12] *See* D. Kan. Rule 56.1.