## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DOUGLAS STUART QUEEN,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 25-2292-JAR-TJJ** |
| **KANSAS CITY, KANSAS POLICE DEPARTMENT, CITY OF KANSAS CITY, KANSAS, UNIVERSITY OF KANSAS MEDICAL CENTER, KANSAS CITY, KANSAS FIRE/EMS RESCUE, MISSION ROAD STUDIOS, LLC,** | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

Plaintiff Douglas Stuart Queen, proceeding pro se and in forma pauperis, filed this action on May 29, 2025, alleging claims under 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), and Kansas law against the following Defendants: Kansas City, Kansas Police Department; City of Kansas City, Kansas; University of Kansas Medical Center; Kansas City, Kansas Fire/EMS Rescue; and Mission Road Studios, LLC. Before the Court are Defendant Mission 200, LLC's Motion to Dismiss Count IV of Plaintiff's Complaint (Doc. 41) and Motion to Dismiss by University of Kansas Hospital Authority (Doc. 36).[1] Also before the Court are Plaintiff's Motion for Default Judgment (Doc. 45) and Amended Motion for Default Judgment (Doc. 55), seeking default against the City of Kansas City, Kansas; Kansas City, Kansas Police Department; and Kansas City, Kansas Fire/ EMS Rescue. These motions are ripe, and the Court

---

[1] University of Kansas Hospital Authority ("UKHA") points out in its motion that University of Kansas Medical Center is not the correct entity for suit; UKHA operates the hospital and is a separate entity. UKHA appears for the limited purpose of responding to the Complaint's pleading deficiencies and does not concede that it has been properly named or served in this action. Doc. 37 at 2 n.1.

is prepared to rule.  For the reasons stated below, the Court grants Defendants' motions to dismiss and denies Plaintiff's motion for default judgment against the Kansas City, Kansas municipal entities.

## I.    Motions to Dismiss

### A.    Background

The following facts are alleged in the Complaint and assumed to be true for purposes of deciding this motion.  On May 15, 2025, Kansas City, Kansas police officers arrested Plaintiff based on false statements reported by his landlord, Mission Road Studios, LLC, that he stole lumber from the apartment dumpster.   Police used excessive force during his arrest.  Kansas City, Kansas EMS eventually arrived and transported Plaintiff to the University of Kansas Medical Center where he was never seen by a provider and quickly discharged.  Plaintiff was forced to walk home with no shoes, cane, or escort.  When he was in custody, police took his motorcycle keys and $10,000 in cash from his wallet.  Sheriff's Department Mental Health Officer Natalie Canale told Plaintiff that his arrest was based on mistaken identity and told him that his citation would be disposed of, but "Plaintiff has received no formal record or correction."[2]

Plaintiff alleges six claims in the Complaint: (1) false arrest and excessive force under 42 U.S.C. § 1983 against the Kansas City Kansas Police Department; (2) Civil Theft and Property Deprivation against the Kansas City, Kansas Police Department and the City; (3) deliberate indifference to medical needs under 42 U.S.C. § 1983 against "Jail and EMS"; (4) ADA violation and disability discrimination against all Defendants; (5) negligent medical discharge

---

[2] Doc. 1 ¶ 21.

against University of Kansas Medical Center; and (6) false arrest and defamation against Mission Road Studios, LLC.

### B. Standard

To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations that, assumed to be true, "raise a right to relief above the speculative level"[3] and include "enough facts to state a claim to relief that is plausible on its face."[4] The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully," but requires more than "a sheer possibility."[5] "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[6] The Court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[7] The Court will view all well-pleaded factual allegations in the light most favorable to the plaintiff.[8] And because Plaintiff proceeds pro se, the Court must construe his filings liberally and hold them to a less stringent standard than formal pleadings drafted by attorneys.[9] However, Plaintiff's pro se status does not excuse him, from complying with federal and local rules.[10]

---

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[4] *Id.* at 570.

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[6] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[7] *Iqbal*, 556 U.S. at 678.

[8] *Jordan-Arapahoe, LLP v. Bd. of Cnty. Comm'rs of Cnty. of Arapahoe, Colo.*, 633 F.3d 1022, 1025 (10th Cir. 2011).

[9] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[10] *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994); *see* D. Kan. Rule 83.5.4(f) ("Any party appearing on his or her own behalf without an attorney is expected to read and be familiar with the Rules of Practice and Procedure of this court [and] the relevant Federal Rules of Civil Procedure . . . .").

### C.    Discussion

Both Defendants move to dismiss Count IV, and UKHA moves to dismiss Count V.  The Court addresses each claim below.

### 1.    Count IV, ADA Claim

Both Defendants move to dismiss the ADA claims alleged against them in Count IV. They argue that Plaintiff fails to allege what specific provision of the ADA was violated or identify any other applicable law that he relies on for this claim.  They also argue that the claim should be dismissed because he has failed to allege facts that support discriminatory conduct by them.  Plaintiff wholly fails to address this claim in either of his responses to the motions to dismiss.  His responses only address his constitutional claims, none of which are the subject of these Defendants' motions to dismiss, and none of which are alleged against these two Defendants.[11]

Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."[12] And the Supreme Court has held that "failure to accommodate persons with disabilities will often have the same practical effect as outright exclusion," thus, Title II imposes "an affirmative

---

[11] *See* Doc. 1 at 3–5 (stating constitutional claims under 42 U.S.C. § 1983, in Counts I, II, and III, against the municipal Defendants only).

[12] 42 U.S.C. § 12132.  Only Title II of the ADA could apply to Plaintiff under the facts alleged.  Title I covers employment discrimination, and Plaintiff does not allege that he was an employee of UKHA.  *See* 42 U.S.C. § 12112. Title III applies where there is discrimination by a private entity that owns, leases, or operates places of public accommodation engaged in interstate commerce.  *See id.* § 12182.  UKHA is not subject to Title III.  Thus, the Court liberally construes Plaintiff's ADA claim as arising under Title II.

obligation to accommodate persons with disabilities."[13]  To state a claim under Title II of the

ADA, Plaintiff must allege facts to support the following elements:

> (1) that he or she is a qualified individual with a disability;
> (2) that he or she was either excluded from participation in or
> denied the benefits of some public entity's services, programs, or
> activities, or was otherwise discriminated against by the public
> entity; and
> (3) that such exclusion, denial of benefits, or discrimination was by
> reason of the plaintiff's disability.[14]

Courts recognize two types of claims under the second element: "(1) exclusion from or denial of

benefits and (2) discrimination."[15]

In the Complaint, Plaintiff alleges the following facts relevant to his ADA claim: (1) he is

a disabled individual; (2) when he was arrested, the arresting officer mocked his disability; and

(3) at the hospital, Plaintiff was not seen by a doctor and was quickly discharged, "despite his

condition," causing him to walk home with no shoes or escort, which endangered his health.

Although Count IV is alleged against all Defendants, he fails to allege any facts to support an

ADA claim against Mission Road Studios—he alleged a police officer mocked his disability, and

that UKHA improperly discharged him.  Thus, the ADA claim against Defendant Mission Road

Studios must be dismissed.[16]

As to UKHA, Plaintiff fails to allege facts to support the second or third elements of a

Title II ADA claim.  The only conduct Plaintiff alleges by UKHA is that he was never seen by a

doctor, and that he was quickly discharged and forced to walk home.  Plaintiff does not allege

---

[13] *Tennessee v. Lane*, 541 U.S. 509, 531, 533 (2004).

[14] *J.V. v. Albuquerque Pub. Sch.*, 813 F.3d 1289, 1295 (10th Cir. 2016) (quoting *Gohier v. Enright*, 186 F.3d 1216, 1219 (10th Cir. 1999)).

[15] *Id.*

[16] In its Answer, Mission 200, LLC states that Plaintiff improperly named it Mission Road Studios, LLC in the Complaint.  Doc. 39 at 1.

that the hospital refused to treat him.  Nor does Plaintiff allege any facts that would lead to the reasonable inference that UKHA discharged him or declined to provide him with services because of his disability.  He alleges that he told EMS that he "was not allowed on KU campus and specifically requested to be taken to St. Luke's Hospital," but "EMS ignored this request."[17] This fact belies a claim that Plaintiff was discharged due to his disability; instead suggesting that Plaintiff was prohibited from KU property before the May 15 incident even happened.  Because Plaintiff fails to allege a plausible ADA claim against UKHA, that claim must be dismissed.

### 2.    Count V, Negligent Medical Discharge Against UKHA Only

Plaintiff alleges a claim against UKHA for negligently discharging him from the hospital on May 15.  Liberally construing Count V as a claim for medical malpractice,[18] Plaintiff must allege facts to support the following elements: (1) a duty existed; (2) Defendant breached that duty; and (3) causation between the duty breached and the injury suffered.[19]  UKHA moves to dismiss because Plaintiff fails to allege what act or omission constituted a breach of the standard of care, and because he fails to allege an injury that resulted from the alleged breach.  As with Count IV, Plaintiff fails to address this claim in his response to UKHA's motion to dismiss.

The Court agrees that Plaintiff fails to allege facts that would support a medical malpractice claim against UKHA.  Plaintiff fails to identify a decision, treatment, or lack thereof by a medical professional that constitutes a breach of the hospital's duty of care to Plaintiff.  And the facts alleged suggest that it was not necessarily the discharge decision that Plaintiff takes issue with, but the fact that he had to walk home without shoes, a cane, or an escort.  Without

---

[17] Doc. 1 ¶ 18.

[18] "Medical malpractice is negligence of a healthcare professional in the diagnosis, care, and treatment of a patient." *Perkins v. Susan B. Allen Mem'l Hosp.*, 146 P.3d 1102, 1105 (Kan. Ct. App. 2006).

[19] *Id.* (quoting *Watkins v. McAllister*, 59 P.3d 1021, 1023 (Kan. Ct. App. 2002)).

facts to support the nature of the breach and that it caused him an injury, he cannot state a plausible claim upon which relief can be granted.

## II.    Leave to Amend

While the Court recognizes the general rule that pro se parties should be allowed leave to amend, it may appropriately dismiss a claim without allowing an amendment "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[20]  "[T]he district court should allow a plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim."[21]

Here, Plaintiff does not move to amend, nor does he suggest any changes to his pleading that would cure the errors identified in this opinion.  In fact, Plaintiff fails to even address the claims upon which these Defendants move to dismiss.  The Court determines for the reasons explained in this Order that Plaintiff cannot prevail on any of the facts alleged in the Complaint, and finds that it would be futile to allow him leave to amend.

## III.    Motions for Default

Plaintiff moves for default against the three Kansas City, Kansas entities.  In his amended motion for default filed on August 5, 2025, Plaintiff asserts that these Defendants were served with process but failed to plead or otherwise defend.

A defendant must serve an answer within 21 days after being served with the summons and complaint or within 60 days if the defendant waives service.[22]  When a party fails to plead or

---

[20] *Knight v. Mooring Cap. Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014) (alteration omitted) (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010)).

[21] *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001).

[22] Fed. R. Civ. P. 12(a)(1).

otherwise defend, and that fact is made to appear by affidavit or otherwise, default should be entered against the party.[23]  Obtaining default judgment is a two-step process: (1) the plaintiff must obtain an entry of default, and (2) then the plaintiff may move for the entry of a default judgment.[24]

Judge James conducted a status conference with the parties after Plaintiff filed his motions for default judgment.  Judge James explained in her follow-up order that the addresses Plaintiff had provided for the Kansas City, Kansas municipal entities appeared incorrect and ordered him to file a notice with the correct addresses by August 29, 2025, after which the Clerk would issue new summons for each Defendant.[25]  That same day, Plaintiff submitted his notice, and summons issued to these entities on August 27, 2025.  Thus, Plaintiff's motions for default judgment must be denied as premature.  These Defendants had not been properly served at the time the motions for default were filed, and their answer deadline has not yet expired.[26]

## IV.    Admonition to Plaintiff

Plaintiff proceeds pro se and, as explained by Judge James, he does not meet the standards for appointment of counsel.  Nonetheless, Plaintiff is subject to the same rules as attorneys who appear before this Court.  Given the nonresponsive nature of Plaintiff's responses to these motions to dismiss, the Court is concerned that he may be relying on artificial intelligence to assist him with his many filings in this case.  Plaintiff is cautioned against using artificial intelligence for drafting his legal documents or citing cases without confirming their

---

[23] Fed. R. Civ. P. 55(a).

[24] *See Watkins v. Donnelly*, 551 F. App'x 953, 958 (10th Cir. 2014) ("Entry of default by the clerk is a necessary prerequisite that must be performed before a district court is permitted to issue a default judgment.").

[25] Doc. 77 at 2; *see* Doc. 20 (listing addresses in Kansas City, Missouri).

[26] Docs. 96–99 (showing summons returned executed for municipal entities by certified mail, with service dates on September 10 and 12, 2025).

accuracy.  Plaintiff is further directed to review Fed. R. Civ. P. 11, which applies to both attorneys and unrepresented parties.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Mission 200, LLC's Motion to Dismiss Count IV of Plaintiff's Complaint (Doc. 41) and UKHA's Motion to Dismiss (Doc. 36) are **granted**.  The Clerk is directed to terminate Defendant University of Kansas Medical Center as a party to the action.

**IT IS FURTHER ORDERED BY THE COURT** that Plaintiff's Motion for Default Judgment (Doc. 45) is **moot** and his Amended Motion for Default Judgment (Doc. 55) is **denied**.

**IT IS SO ORDERED.**

Dated: October 7, 2025

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE
