IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DOUGLAS STUART QUEEN,

    Plaintiff,

v.

KANSAS CITY, KANSAS POLICE
DEPARTMENT, CITY OF KANSAS CITY,
KANSAS, UNIVERSITY OF KANSAS
MEDICAL CENTER, KANSAS CITY,
KANSAS FIRE/EMS RESCUE, MISSION
ROAD STUDIOS, LLC,

    Defendants.

Case No. 25-2292-JAR-TJJ

## MEMORANDUM AND ORDER

Plaintiff Douglas Stuart Queen, proceeding pro se and in forma pauperis, filed this action on May 29, 2025, alleging violations of his civil rights, violations of the Americans with Disabilities Act ("ADA"), and state law tort claims against the following Defendants: Kansas City, Kansas Police Department; City of Kansas City, Kansas; University of Kansas Medical Center; Kansas City, Kansas Fire/EMS Rescue; and Mission Road Studios, LLC. Before the Court is Plaintiff's Objections to Order of Magistrate Judge (Doc. 91).[1] As described below, the Court denies Plaintiff's motion.

---

[1] Plaintiff filed a document captioned "Objection to Report and Recommendation & Consolidated Claim Chart" on September 22, 2025 (Doc. 100). There has been no Report and Recommendation filed in this case, so this objection is moot.

**I.      Background**

Plaintiff has filed four motions to appoint counsel during this short-lived case,[2] each of which was denied by presiding Magistrate Judge Teresa James.  On August 29, 2025, Judge James issued the following text entry order:

> ORDER denying Plaintiff's [79] Renewed Motion for Appointment of Counsel and [80] Motion for Appointment of Counsel. At the August 25, 2025 telephone Status Conference, the Court explained to Plaintiff that he does not have a constitutional right to counsel in a civil case, that appointment in civil cases is very rare given that   . . . Congress has not provided a mechanism or funding to compensate attorneys appointed in civil cases, and that he is not entitled to court-appointed counsel at this juncture. The Court's rulings were also memorialized in the Court's [77] Status Conference Order.  Plaintiff's renewed motions requesting appointment of counsel are denied for the same reasons stated at the Status Conference and in the Status Conference Order. Signed by Magistrate Judge Teresa J. James on 8/29/2025. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)[3]

Four days before this order, Judge James held a telephonic status conference, where Plaintiff appeared in person, pro se.  Judge James discussed several issues with the parties, including Plaintiff's original motion to appoint counsel.[4]  Judge James orally denied the motion, as memorialized in a subsequent Order.  After explaining that Plaintiff, as a civil litigant, is not entitled to appointed counsel, she explained that this is not the rare case where counsel should be appointed based on the factors she was required to consider.[5]

---

[2] Docs. 74, 79, 80, 94.

[3] Doc. 84.

[4] *See* Doc. 77 at 8–10.

[5] *Id.* at 9 (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)).

**II.     Standard**

Fed. R. Civ. P. 72 allows a party to provide specific, written objections to a magistrate judge's order.  The applicable standard of review depends on whether the magistrate judge's order relates to a dispositive or nondispositive issue.  A nondispositive decision is reviewed under a clearly-erroneous or contrary-to-law standard, and a dispositive order is reviewed de novo.[6]  Under the more deferential standard that applies to this Court's review of a nondispositive order, the Court must affirm factual determinations "unless the entire evidence leaves it 'with the definite and firm conviction that a mistake has been committed.'"[7]  As to legal matters,

> the Court conducts an independent review and determines whether the magistrate judge['s] ruling is contrary to law.  Under this standard, the Court conducts a plenary review and may set aside the magistrate judge['s] decision if it applied an incorrect legal standard or failed to consider an element of the applicable standard.[8]

The party seeking modification of the magistrate judge's order bears the burden to show that the order is clearly erroneous or contrary to law.[9]

**III.    Discussion**

Plaintiff argues that Judge James's decision on his renewed motions to appoint counsel were clearly erroneous or contrary to the law because she did not weigh the requisite factors correctly.  Specifically, Plaintiff argues that it was impractical and onerous to require him to first contact five attorneys; that there are 12–15 opposing counsel; that he is overwhelmed by the

---

[6] Fed. R. Civ. P. 72.

[7] *In re Motor Fuel Temp. Sales Pracs. Litig.*, 707 F. Supp. 2d 1145, 1147–48 (D. Kan. 2010) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)).

[8] *Id.* at 1148 (citations omitted).

[9] *Heartland Surgical Specialty Hosp., LLC v. MidWest Div., Inc.*, No. 05-2164, 2007 WL 9723883, at *3 (D. Kan. May 29, 2007) (placing burden on party seeking review).

multiple lawsuits he is prosecuting in this district, the amount of records in this case, and other law-enforcement and eviction action; and that the Court has required "duplicative filings in three dockets."[10] He asks in the alternative that the Court allow him to appear and proffer sealed medical records that will demonstrate his need for appointed counsel.

This Court applies a deferential standard to Judge James's Order, as described above, and finds that her August 29 Order was not clearly erroneous or contrary to law. While the Court is mindful that proceeding pro se is challenging, particularly in a case with many documents and opposing counsel, as Judge James has explained multiple times, Plaintiff does not have a constitutional right to counsel.

And there was no error in Judge James's finding that the requisite factors do not justify appointment of counsel. She considered the factors that apply in this circuit: "(1) plaintiff's financial inability to afford counsel; (2) plaintiff's diligence in attempting to secure counsel; (3) the merits of the allegations of discrimination; and (4) only in close cases as an aid in exercising judicial discretion, the 'plaintiff's capacity to present the case without counsel.'"[11] Much of the overwhelm cited by Plaintiff is of his own making; he chose to file three separate lawsuits and, as this Court has previously documented, he has chosen to overwhelm the Court with meritless and duplicative filings in his cases. These choices do not entitle him to counsel. As Judge James explained in her August 26 Order, a party requesting appointment of counsel must show some diligence in obtaining counsel on his or her own, and Plaintiff still fails to make that showing. Requiring Plaintiff to show that he has contacted attorneys on his own is part of his showing of diligence. Moreover, as Judge James pointed out in a subsequent Order, it is too early to assess

---

[10] Doc. 91 at 2.

[11] *Vera v. Utah Dep't of Hum. Servs.*, 60 F. App'x 228, 229–30 (10th Cir. 2003) (quoting *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992)).

the merits of Plaintiff's claims, another important factor in the appointment-of-counsel inquiry.[12] Finally, the matters involved here are not too complex legally or factually. Again, Judge James considered the requisite factors, and the Court finds no clear error. Accordingly, the Court overrules and denies Plaintiff's Objections to Judge James's August 29, 2025 Order.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Objections to Order of Magistrate Judge (Doc. 91) are **overruled and denied**.

**IT IS SO ORDERED.**

Dated: October 8, 2025

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[12] *See* Doc. 95 at 2.