UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DOUGLAS STUART QUEEN,

    Plaintiff,

v.

KANSAS CITY, KANSAS POLICE
DEPARTMENT, et al,

    Defendants.

Case No. 25-cv-2292-JAR-TJJ

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion for Sanctions and a Protective Order (ECF No. 113) filed by Defendant Mission 200, LLC ("Mission"). In its Motion, Mission requests the Court impose sanctions upon Plaintiff for harassing and threatening emails he has been sending to Mission and its counsel and enter a protective order prohibiting Plaintiff from certain future communications. Plaintiff filed a response admitting he sent the emails but states they were written while he was "under overwhelming stress." Plaintiff also makes several requests in his response. The Court will address Mission's Motion and each of Plaintiff's request below.

**I.      Defendant Mission's Motion for Sanctions and for Protective Order**

Mission requests the Court impose sanctions upon Plaintiff for harassing and threatening emails he has been sending to Mission's employees and its counsel and enter a protective order prohibiting Plaintiff from communicating directly with Mission's employees and from sending further harassing or threatening emails to anyone involved in this lawsuit. In his response, Plaintiff admits he authored and sent the emails but argues Mission presents a selective and misleading account of his conduct while omitting critical context and its own misconduct.

The Court has inherent authority "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases."[1] Among these powers is also a court's "ability to fashion an appropriate sanction for conduct which abuses the judicial process."[2] Courts generally have "broad discretion with respect to the imposition of sanctions."[3] Courts can impose sanctions for actions taken "in bad faith, vexatiously, wantonly, or for oppressive reasons,"[4] and for "misconduct during the course of litigation."[5] In addition, Fed. R. Civ. P. 26(c) permits the Court, for good cause, to issue an order protecting a party or person from "annoyance, embarrassment, oppression, or undue burden."

Mission includes snippets of the emails Plaintiff sent to its counsel in its Motion. Plaintiff admits he sent them. The emails are shocking in the offensive language and slurs used toward Mission's employees and counsel. Plaintiff's abusive, and in part threatening, emails and conduct is simply beyond the pale and there is no excuse for it. Mission requests that the Court impose sanctions upon Plaintiff, including revoking his in forma pauperis status. The Court finds sanctions are clearly warranted. The Court has a wide range of sanctions available to it, but revoking Plaintiff's IFP status is not one the Court believes would be appropriate here. Instead, the Court will stay all pretrial proceedings and discovery in this case until the District Judge rules

---

[1] *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962).

[2] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991).

[3] *Koehl v. Bernstein*, 740 F.3d 860, 862 (2d Cir. 2014).

[4] *Chambers*, 501 U.S. at 45-46.

[5] *Milltex Indus. Corp. v. Jacquard Lace Co.*, 55 F.3d 34, 37-38 (2d Cir. 1995).

on the pending motion to dismiss (ECF No. 112), and place limits on Plaintiff's communication with Defendants.

The Court further finds Defendant Mission has shown good cause for the requested protective order prohibiting Plaintiff from communicating directly or indirectly with Mission's employees, other than Mission's counsel, and from sending further harassing or threatening emails to Defense counsel or anyone involved in this lawsuit. Plaintiff is hereby ordered to stop communicating with Mission's employees and from sending any emails that contain abusive language, name-calling, slurs, and/or threats to anyone involved in this lawsuit. Further, Plaintiff's communication with Mission's counsel is limited to non-threatening, relevant matters involving this litigation. Any violation of this order will result in further sanctions.

## II.     Plaintiff's Renewed Motion for Appointment of Counsel

Plaintiff also renews his requests for the appointment of counsel in his response. As the Court stated in its prior order denying his previous request for appointment of counsel, Plaintiff has failed to show diligence in attempting to find counsel by contacting with five attorneys or law firms (or organizations that provide legal services pro bono or for reduced fees) before filing his motion. Notwithstanding his current improper and crude communications with defense counsel, Plaintiff appears capable of adequately representing himself without counsel at this early stage of the proceedings. Plaintiff's renewed request for the Court to appoint him counsel is denied.

## III.    Plaintiff's Request to Limit Communications to PACER Filings

Plaintiff requests that all communications between him and Mission's counsel occur solely through formal filing on PACER until this motion is resolved. Given that this Memorandum and Order resolves the Motion, the Court finds Plaintiff's request moot and denies it. As discussed

above, Plaintiff's communication with Mission's counsel is limited to non-threatening, relevant matters involving this litigation. This limitation leaves no room for the alleged "further mischaracterizations" Plaintiff claims to fear. Further, the Court has stayed pretrial proceedings and discovery in this matter pending the District Judge's ruling on the motion to dismiss. During the pendency of the stay, there is little reason for Plaintiff to communicate with defense counsel.

## IV.     Plaintiff's Request for an Evidentiary Hearing

The Court denies Plaintiff's request for an evidentiary hearing on this motion. In Plaintiff's response to the motion, he admits he sent the emails at question and provides no evidence to support his contention that the motion presents misleading or an incomplete account of his own conduct. The Court therefore does not find a hearing necessary to rule on the present motion and denies Plaintiff's request.

## V.      Plaintiff's Request for an Order Compelling Discovery

Finally, Plaintiff seeks an order compelling evidence from various sources. Given that this order stays all pretrial proceedings and discovery in this case until the District Judge rules on the pending motion to dismiss (ECF No. 112), the Court denies Plaintiff's request. Plaintiff is not to request any discovery from any party pending further order of the Court.

**IT IS THEREFORE ORDERED** Defendant Mission 200, LLC's Motion for Sanctions and a Protective Order (ECF No. 113) is GRANTED. Plaintiff is prohibited from communicating directly or indirectly with Mission's employees, other than through counsel, and from sending further harassing or threatening emails to anyone involved in this lawsuit. Plaintiff's communication with Mission's counsel shall be limited to non-threatening, relevant matters involving this litigation.

**IT IS FURTHER ORDERED** pretrial proceedings and discovery in this case are stayed until the District Judge rules on the pending motion to dismiss.

**IT IS SO ORDERED.**

Dated December 31, 2025, at Kansas City, Kansas.

*[signature: Teresa J. James]*

Teresa J. James
U. S. Magistrate Judge