## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DOUGLAS STUART QUEEN,

      Plaintiff,

      v.

KANSAS CITY, KANSAS POLICE
DEPARTMENT, et al.,

      Defendants.

Case No. 25-2292-JAR-TJJ

## MEMORANDUM AND ORDER

Plaintiff Douglas Stuart Queen, proceeding pro se and in forma pauperis, filed this action on May 29, 2025, alleging claims under 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), and Kansas law against the following Defendants: Kansas City, Kansas Police Department; City of Kansas City, Kansas; University of Kansas Medical Center; Kansas City, Kansas Fire/EMS Rescue; and Mission Road Studios, LLC. In an October 7, 2025 Memorandum and Order, the Court dismissed Count IV, Plaintiff's ADA claim, against Mission Road Studios, LLC, and dismissed Defendant University of Kansas Medical Center as a party to the action.[1]

Before the Court are the following motions: Plaintiff's Motion to Alter Judgment (Doc. 105); Plaintiff's Motion for Return of Seized Property (Doc. 22); Defendants Kansas City, Kansas Police Department, City of Kansas City, Kansas, and Kansas City, Kansas Fire/EMS Rescue's (collectively "Unified Government Defendants") Motion to Dismiss for Failure to State a Claim (Doc. 112); and Plaintiff's Motion for Leave to Amend Complaint (Doc. 116). These

---

[1] Doc. 103.

motions have been fully briefed, and the Court is prepared to rule.  For the reasons stated below, the Court denies Plaintiff's motions to alter or amend and for return of property.  The Court grants the Unified Government Defendants' motion to dismiss and denies Plaintiff's motion for leave to amend as futile.  The Court declines to exercise supplemental jurisdiction over the only remaining claim in this case against Mission Road Studios, LLC for false arrest and defamation.

## I.    Background

The following facts are alleged in the Complaint and assumed to be true for purposes of deciding the instant motions.  On May 15, 2025, Kansas City, Kansas police officers arrested Plaintiff based on false statements reported by his landlord, Mission Road Studios, LLC, that he stole lumber from the apartment dumpster.  Plaintiff's physical characteristics do not match the person described to police.  When police arrived, they slammed him into the hood of a police vehicle while he was handcuffed, broke his eyeglasses, and mocked his disability while deliberately pushing him off balance.  While in custody, police officers took his motorcycle keys and $10,000 in cash from his wallet.

He was transported to jail, but jail staff refused to admit Plaintiff due to his elevated blood pressure and heart rate, so police officers left him in their vehicle until EMS personnel arrived approximately one hour later.  The officers ridiculed Plaintiff while transporting him to the University of Kansas Medical Center where he was never seen by a provider and quickly discharged.  He was forced to walk home with no shoes, cane, or escort.  Wyandotte County Sheriff's Department Mental Health Officer Natalie Canale told Plaintiff that his arrest was based on mistaken identity and told him that his citation would be disposed of, but "Plaintiff has received no formal record or correction."[2]

---

[2] Doc. 1 ¶ 21.

Plaintiff alleged six claims in the Complaint: (1) false arrest and excessive force under 42 U.S.C. § 1983 against the Kansas City, Kansas Police Department; (2) Civil Theft and Property Deprivation against the Kansas City, Kansas Police Department and the City; (3) deliberate indifference to medical needs under 42 U.S.C. § 1983 against "Jail and EMS"; (4) ADA violation and disability discrimination against all Defendants; (5) negligent medical discharge against University of Kansas Medical Center; and (6) false arrest and defamation against Mission Road Studios, LLC.

On October 7, 2025, this Court granted motions to dismiss by University of Kansas Health Authority ("UKHA")[3] and Mission 200, LLC.[4]  Both Defendants moved to dismiss the ADA count alleged against them, which the Court granted.[5]  The court determined that Plaintiff failed to specify which provision of the ADA either Defendant violated, but concluded that only Title II could apply, which prohibits exclusion of participation in or denial of public benefits on the basis of disability.[6]  The Court found that Plaintiff failed to allege facts that he was denied services because of his disability by either Defendant.  The Court dismissed Count V against UKHA for negligent medical discharge because he failed to allege a decision, treatment, or lack thereof that would form the basis of the hospital's breach of its duty of care.  Finally, the Court denied Plaintiff's motion for leave to amend because he failed to identify facts that would cure the pleading deficiencies discussed in the Court's Order.

---

[3] UKHA filed its motion to dismiss on behalf of Kansas Medical Center, which it argued was not the correct entity to be sued.  Doc. 37.

[4] Mission 200 filed its motion to dismiss on behalf of Mission Road Studios, LLC, stating that the latter was improperly named as a defendant.  Doc. 42.

[5] Doc. 103.

[6] *Id.* at 4.

## II.  Motion to Alter or Amend

### A.  Standard

Plaintiff moves to alter or amend the Court's October 7 Order under Fed. R. Civ. P. 59(e) and 60(b).  A motion to alter or amend under Fed. R. Civ. P. 59(e) gives the Court an opportunity "to rectify its own mistakes in the period immediately following" a ruling.[7]  Such a motion may be granted when "the court has misapprehended the facts, a party's position, or the controlling law."[8]  The moving party must be able to establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.[9] In order to be clearly erroneous, Plaintiff must show that the Court's decision was "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment."[10]  Courts in this district have described manifest injustice to mean "direct, obvious, and observable error."[11]  But such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.[12]  A party's failure to present its

---

[7] *Banister v. Davis*, 590 U.S. 504, 508 (2020) (quoting *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982)).

[8] *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

[9] *Servants of the Paraclete*, 204 F.3d at 1012.

[10] *Wright ex rel. Tr. Co. of Kan. v. Abbott Lab'ies, Inc.*, 259 F.3d 1226, 1236 (10th Cir. 2001) (quoting *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1331 (10th Cir. 1996)).

[11] *Gorenc v. Proverbs*, 447 F. Supp. 3d 1110, 1113 (D. Kan. 2020) (quoting *Hadley v. Hays Med. Ctr.*, No. 14-1055-KHV, 2017 WL 748129, at *2 (D. Kan. Feb. 27, 2017)).

[12] *Steele v. Young,* 11 F.3d 1518, 1520 n.1 (10th Cir. 1993).

strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider.[13]  Whether to grant a motion to reconsider is left to the Court's discretion.[14]

Rule 60(b) provides that the Court may relieve a party from final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.[15]

Like Rule 59(e), Rule 60(b) does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.[16]  And relief under this rule "is extraordinary and may only be granted in exceptional circumstances."[17]

### B.    Discussion

Plaintiff moves to alter or amend the Court's October 7 Order dismissing Count IV as to Mission Road Studios, and dismissing University of Kansas Medical Center as a party.  Plaintiff

---

[13] *Turner v. Nat'l Council of State Bds. of Nursing, Inc.*, No. 11-2059, 2013 WL 139750, at *1–2 (D. Kan. Jan. 10, 2013), *aff'd*, 561 F. App'x 661 (10th Cir. 2014).

[14] *Coffeyville Res. Refin. & Mktg., LLC v. Liberty Surplus Ins.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010).

[15] Fed. R. Civ. P. 60(b).

[16] *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[17] *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (quoting *Servants of the Paraclete*, 204 F.3d at 1009).

claims that the Court failed to account for critical facts in its Order. Specifically, he submits a copy of the municipal citation issued to him that shows incorrect identifying information, and a copy of his driver's license with correct identifying information in order to show that the officer misidentified him on the day of his arrest. Thus, the Court considers Plaintiff's motion under both Rule 59(e) and 60(b) on the basis of newly discovered evidence and clear error.

Under Rule 60(b)(2), the movant must show: "(1) the evidence was newly discovered since the trial; (2) the moving party was diligent in discovering the new evidence; (3) the newly discovered evidence [was] not merely cumulative or impeaching; (4) the newly discovered evidence is material; and (5) that a new trial with the newly discovered evidence would probably produce a different result."[18] Although Plaintiff seeks relief from the Court's decision on a motion to dismiss and not trial, the same showing is required.[19]

Plaintiff does not contend that he has discovered "new" or previously unavailable evidence that would support denying Defendants' motions. In fact, the evidence he attaches to this motion supports facts that he alleged in the Complaint—the fact that the original report to the police was based on mistaken identity. In considering Defendants' motions to dismiss in its October 7, 2025 Order, the Court assumed that fact to be true. Therefore, this new evidence would not have produced a different result; it was merely cumulative. UKHA's and Mission 200's motions to dismiss only addressed Counts IV and V: the ADA and negligent medical discharge claims. Plaintiff fails to explain how this new evidence about his mistaken identity would have led to different rulings on these two claims against these two defendants.

---

[18] *Dronsejko v. Thornton*, 632 F.3d 658, 670 (10th Cir. 2011) (quoting *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1290 (10th Cir. 2005)).

[19] *Id.*

Nor did the Court commit clear error or manifest injustice. Plaintiff argues that his disability and medical limitations were ignored, leading to pain and medical distress. But he fails to address the Court's reasoning for dismissal of the ADA claims. The Court found no facts alleged that would give rise to a claim against Mission Road Studios. He failed to explain how that Defendant treated him differently because of his disability.

As for the hospital, Plaintiff failed to allege facts to support the second or third elements of a Title II ADA claim—that he "was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities, or was otherwise discriminated against by the public entity," and "that such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability."[20] Plaintiff did not allege that the hospital refused to treat him. Nor did Plaintiff allege any facts that would lead to the reasonable inference that UKHA discharged him or declined to provide him with services because of his disability. Instead, he alleged that he told EMS that he "was not allowed on KU campus and specifically requested to be taken to St. Luke's Hospital," but "EMS ignored this request."[21] As the Court explained in its October 7 Order, Plaintiff's factual allegations show that Plaintiff was prohibited from KU property before the May 15 incident even happened; thus, he failed to allege a plausible ADA claim against UKHA. Plaintiff fails to show that this ruling was clearly erroneous or based on manifest injustice.

In the alternative, Plaintiff states that he is entitled to relief under Rule 60(b)(6) based on extraordinary circumstances, but he fails to identify such circumstances beyond his other arguments. The Tenth Circuit has described Rule 60(b)(6) as a "grand reservoir of equitable

---

[20] *J.V. v. Albuquerque Pub. Sch.*, 813 F.3d 1289, 1295 (10th Cir. 2016) (quoting *Gohier v. Enright*, 186 F.3d 1216, 1219 (10th Cir. 1999)).

[21] Doc. 1 ¶ 18.

power to do justice in a particular case."[22]  But the rule applies "only in extraordinary circumstances and only when necessary to accomplish justice."[23]  Such extraordinary circumstances have been found to apply where "after entry of judgment, events not contemplated by the moving party render enforcement of the judgment inequitable."[24]  Plaintiff fails to demonstrate extraordinary circumstances that would warrant relief under this provision.

In sum, Plaintiff's motion to alter or amend or for relief from judgment is denied.

## III.    Motion to Dismiss

The Court now considers the Unified Government Defendants' motion to dismiss the four claims alleged against them under Fed. R. Civ. P. 12(b)(5) and 12(b)(6).

### A.    Standard

Fed. R. Civ. P. 12(b)(6) provides for dismissal for failure to state a claim upon which relief can be granted.  To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations that, assumed to be true, "raise a right to relief above the speculative level"[25] and include "enough facts to state a claim to relief that is plausible on its face."[26]  The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully," but requires more than "a sheer possibility."[27]  "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a

---

[22] *Kile v. United States*, 915 F.3d 682, 687 (10th Cir. 2019) (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996)).

[23] *Id.* (quoting *Cashner*, 98 F.3d at 579).

[24] *Id.* at 687–88 (quoting *Cashner*, 98 F.3d at 579).

[25] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[26] *Id.* at 570.

[27] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

plaintiff must offer specific factual allegations to support each claim."[28]  The Court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[29]  The Court will view all well-pleaded factual allegations in the light most favorable to the plaintiff.[30]

Because Plaintiff proceeds pro se, the Court must construe his filings liberally and hold them to a less stringent standard than formal pleadings drafted by attorneys.[31]  However, Plaintiff's pro se status does not excuse him from complying with federal and local rules.[32]

### B.    Discussion

#### 1.    Capacity for Suit

Defendants first move to dismiss because Plaintiff failed to properly name them.  Under Fed. R. Civ. P. 17(b)(3), a party's capacity to be sued in federal court is determined by the law of the state where the court sits.  Under Kansas law, subordinate government agencies such as the Kansas City, Kansas Police Department and the Kansas City, Kansas EMS do not have the capacity to be sued without statutory authorization.[33]  There is no statutory authority granting these agencies the capacity for suit.  Moreover, the City of Kansas City, Kansas is not an entity that can be sued because in 1997, the City and Wyandotte County were consolidated and

---

[28] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[29] *Iqbal*, 556 U.S. at 678.

[30] *Jordan-Arapahoe, LLP v. Bd. of Cnty. Comm'rs of Cnty. of Arapahoe, Colo.*, 633 F.3d 1022, 1025 (10th Cir. 2011).

[31] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[32] *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

[33] *Mashaney v. Bd. of Indigents' Def. Servs.*, 355 P.3d 667, 672 (Kan. 2015) (quoting *Lindenman v. Umscheid*, 875 P.2d 964, 977 (Kan. 1994)).

together are now known as the Unified Government of Wyandotte County/Kansas City, Kansas.[34]

Plaintiff acknowledges this mistake in his response, and he moves for leave to amend for the sole purpose of correcting the names of these Defendants. He proposes amending the Complaint to replace the three moving Defendants with Unified Government of Wyandotte County/Kansas City, Kansas. "[T]he district court should allow a plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim."[35] The Court would allow Plaintiff leave to amend to cure this technical deficiency. Thus, the Court proceeds to consider Defendants' arguments on the merits. Because the Court finds that Plaintiff cannot state a plausible claim for relief even after allowing this technical amendment, it need not consider the Unified Government's motion to dismiss for insufficient service of process.

### 2. Federal Claims

#### a. 42 U.S.C. § 1983

The Supreme Court has made clear that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents."[36] Instead, a local government may be liable under § 1983 only when a plaintiff establishes (1) an official policy or custom, (2) that caused their civil rights injury, and (3) deliberate indifference by the government entity.[37] An "official policy or custom" may take one of the following forms:

> (1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized

---

[34] *See* K.S.A. § 12-345.

[35] *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001).

[36] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

[37] *Quintana v. Santa Fe Cnty. Bd. of Comm'rs*, 973 F.3d 1022, 1034 (10th Cir. 2020).

by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.[38]

To support his claim in Count I for false arrest and excessive force, Plaintiff alleges the following facts: officers with the Kansas City, Kansas Police Department falsely arrested him after misidentifying him; one or more officers handcuffed Plaintiff and slammed him into the hood of a police vehicle causing injury and damage to his property; the arresting officer pushed Plaintiff off balance and mocked his disability. Plaintiff alleges no facts that would lead to the reasonable inference that an official policy or custom caused his civil rights injuries. Accordingly, Plaintiff's § 1983 claim(s) against the Unified Government must be dismissed for failure to state a claim upon which relief may be granted.

### b.   ADA Claim

The other federal claim alleged against the Unified Government by Plaintiff is Count IV, which alleges a violation of the ADA. Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."[39] And the Supreme Court has held that "failure to

---

[38] *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1283 (10th Cir. 2019).

[39] 42 U.S.C. § 12132. Only Title II of the ADA could apply to Plaintiff under the facts alleged. Title I covers employment discrimination, and Plaintiff does not allege that he was an employee of the Unified Government. *See* 42 U.S.C. § 12112. Title III applies where there is discrimination by a private entity that owns, leases, or operates places of public accommodation engaged in interstate commerce. *See id.* § 12182. The Unified Government is not subject to Title III because it is not a private entity. Thus, the Court liberally construes Plaintiff's ADA claim as arising under Title II.

accommodate persons with disabilities will often have the same practical effect as outright exclusion," thus, Title II imposes "an affirmative obligation to accommodate persons with disabilities."[40]  To state a claim under Title II of the ADA, Plaintiff must allege facts to support the following elements:

> (1) that he or she is a qualified individual with a disability;
> (2) that he or she was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and
> (3) that such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.[41]

Courts recognize two types of claims under the second element: "(1) exclusion from or denial of benefits and (2) discrimination."[42]

In the Complaint, Plaintiff alleges the following facts relevant to his ADA claim: (1) he is a disabled individual; (2) when he was arrested, the arresting officer mocked his disability; and (3) at the hospital, Plaintiff was not seen by a doctor and was quickly discharged, "despite his condition," causing him to walk home with no shoes or escort, which endangered his health.[43] These facts fail to state a claim against the Unified Government under the ADA.  Plaintiff certainly identifies offensive behavior by the police officers when he was arrested, but he fails to allege facts that would support a denial of benefits or exclusion from participation in a public service because of his disability.  Accordingly, this claim must be dismissed against the Unified Government for failure to state a plausible claim for relief under the ADA.

---

[40] *Tennessee v. Lane*, 541 U.S. 509, 531, 533 (2004).

[41] *J.V. v. Albuquerque Pub. Sch.*, 813 F.3d 1289, 1295 (10th Cir. 2016) (quoting *Gohier v. Enright*, 186 F.3d 1216, 1219 (10th Cir. 1999)).

[42] *Id.*

[43] Doc. 1 ¶ 18.

The Court recognizes the general rule that pro se parties should be allowed leave to amend, but the Court may appropriately dismiss a claim without allowing an amendment "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[44]  "[T]he district court should allow a plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim."[45]  Here, the Court would grant leave to amend to correct the technical errors in the Complaint; namely, the Court would grant Plaintiff's motion to amend to correct the names of the Unified Government Defendants.  However, as stated above, even with this amendment, the federal claims in the Complaint would be subject to dismissal for failure to state a plausible claim for relief.   Plaintiff does not suggest any other factual allegations he would make if permitted to amend that would cure the deficiencies cited in this Order.  Thus, the Court finds that it would be futile to allow Plaintiff another opportunity to amend beyond curing the naming errors identified in this Order.

### 3.    State Law Claims

That leaves only state law claims alleged against Mission Road Studios, LLC.  The Court lacks original jurisdiction over Plaintiff's state law claims because they present no federal question,[46] and the Amended Complaint does not allege that the parties are "citizens of different states," so there is no basis for diversity jurisdiction.[47]  The Court may nonetheless exercise

---

[44] *Knight v. Mooring Cap. Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014) (alteration omitted) (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010)).

[45] *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001).

[46] 28 U.S.C. § 1331.

[47] 28 U.S.C. § 1332(a)(1).

13

supplemental jurisdiction over state law claims if they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."[48]

Whether to exercise supplemental jurisdiction over state law claims is committed to the Court's sound discretion.[49]  28 U.S.C. § 1367 "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'"[50]  Upon a pretrial disposition of the federal claims, district courts will generally dismiss the state law claims without prejudice.[51]

> Generally, when a district court dismisses the federal claims, leaving only supplemented state claims, "the most common response . . . has been to dismiss the state claim or claims without prejudice."  Indeed, while we have suggested that it is appropriate, perhaps even advisable, for a district court to retain supplemented state claims after dismissing all federal questions when the parties have already expended a great deal of time and energy on the state law claims, we have held that, absent such a showing, a district court should normally dismiss supplemental state law claims after all federal claims have been dismissed, particularly when the federal claims are dismissed before trial.[52]

The Tenth Circuit has "repeatedly recognized that this is the preferred practice."[53]

In this case, all federal claims have been dismissed, and the Unified Government Defendants have not yet filed an Answer.  The parties, thus, have not spent a great deal of time

---

[48] 28 U.S.C. § 1367(a).

[49] *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172–73 (1997).

[50] *Id.* at 173 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

[51] *Ball v. Renner,* 54 F.3d 664, 669 (10th Cir. 1995).

[52] *United States v. Botefuhr*, 309 F.3d 1263, 1273 (10th Cir. 2002) (quoting *Ball*, 54 F.3d at 669) (citations omitted).

[53] *Gaston v. Ploeger*, 297 F. App'x 738, 746 (10th Cir. 2008).

litigating the state law claims.  Under these circumstances, the Court finds that it should decline supplemental jurisdiction and dismiss the remaining state law claims without prejudice.

## IV.      Motion for Return of Property

Plaintiff has filed a motion under Rule 41(g) for return of property taken during his arrest. Fed. R. Crim. P. 41(g) is a criminal rule that provides in relevant part: "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return.  The motion must be filed in the district where the property was seized." When a criminal proceeding against the moving party has concluded, the Court treats the motion as a civil complaint.[54]

Here, Plaintiff seeks return of his lawfully owned firearm that he claims was seized without a warrant by law enforcement on May 20 or 21, 2025.  But the Court has granted the Unified Government's motion to dismiss on the basis of false arrest or excessive force, so there has been no finding of an unlawful search or seizure.  Therefore, the Court denies Plaintiff's request for relief under Fed. R. Crim. P. 41(g).

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Alter Judgment (Doc. 105) is **denied**.

**IT IS FURTHER ORDERED BY THE COURT** that Plaintiff's Motion for Leave to Amend Complaint  (Doc. 116) to replace the three Unified Government Defendants with "Unified Government of Wyandotte County/Kansas City, Kansas" is **granted**.

**IT IS FURTHER ORDERED BY THE COURT** that Defendants Kansas City, Kansas Police Department, City of Kansas City, Kansas, and Kansas City, Kansas Fire/EMS Rescue's

---

[54] *United States v. Clark*, 84 F.3d 378, 381 (10th Cir. 1996) (first quoting *Onwubiko v. United States*, 969 F.2d 1392, 1397 (2d Cir. 1992); and then quoting *United States v. Martinson*, 809 F.2d 1364, 1366–67 (9th Cir. 1987)) (discussing previous version in Rule 41(e)).

(collectively "Unified Government Defendants") Motion to Dismiss for Failure to State a Claim (Doc. 112) is **granted**.  The Clerk is directed to enter judgment in Defendants' favor and terminate this action.

      **IT IS FURTHER ORDERED BY THE COURT** that Plaintiff's Motion for Return of Seized Property (Doc. 22) is **denied**.

      **IT IS SO ORDERED.**

      Dated: March 13, 2026

<div style="margin-left:50%;">

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

</div>